## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREW E. ROTH derivatively on behalf of
BEACON POWER CORPORATION,

   Plaintiff,

               v.

PERSEUS, L.L.C., PERSEUS CAPITAL, L.L.C.,
PERSEUS 2000 EXPANSION, L.L.C., PERSEUS
INVESTORS GROUP, L.L.C., FRANK H. PEARL,
RICHARD C. HOLBROOKE, JAMES A.
JOHNSON, JOHN T. SCHWIETERS, KENNETH
M. SOCHA, NORMAN C. SELBY, RAY E.
NEWTON III, JOHN C. FOX, CURTIS A.
GLOVIER, THOMAS G. LABRECQUE, JR.,
CHRISTOPHER J. O'BRIEN, KIMBERLY A.
FOERSTER, and BEACON POWER
CORPORATION,

   Defendants.

Civil Action No. 05-CV-10466 (RPP)
 ECF Case

(*Jury Trial Demanded*)


## COMPLAINT

       Plaintiff Andrew E. Roth ("Roth"), by his attorneys, Bragar Wexler Eagel
& Morgenstern, P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of
defendants, alleges upon information and belief as to all paragraphs except paragraph 1,
as follows:

       1.     Plaintiff Roth is a New York resident who is the owner of common
stock of Beacon Power Corporation ("Beacon" or the "Company").

2.      Beacon, a nominal defendant herein, is a Delaware corporation, with its principal place of business at 234 Ballardvale Street, Wilmington, Massachusetts 01887-1032.

3.      Defendant Perseus, L.L.C. ("Perseus") is a Delaware limited liability company, with its principal place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.   Perseus and its officers control and have pecuniary interests in Perseus Capital and Perseus Expansion.

4.      Defendant Perseus Capital, L.L.C. ("Perseus Capital") is a Delaware limited liability company, with its principal place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Perseus Capital is a private equity fund managed by Perseus and is focused on mid- and late-staged venture investments.

5.      Defendant Perseus 2000 Expansion, L.L.C. ("Perseus Expansion"), is a Delaware limited liability company, with its principal place of business at 2099 Pennsylvania Avenue NW, Suite 900, Washington, D.C. 20006.  Perseus Expansion also is managed by Perseus and follows the same investment strategies as Perseus Capital.

6.      Defendant Perseus Investors Group, L.L.C. ("Perseus Investors") is a Delaware limited liability company with its principal place of business at 2099 Pennsylvania Avenue NW, Suite 900, Washington, D.C. 20006.   Perseus Investors is a member of Perseus Capital.

7.      Defendant Frank H. Pearl ("Pearl") is the Chairman and Chief Executive Officer of Perseus,  is a controlling person of Perseus Capital and Perseus Expansion, and a member of Perseus Investors.  Pearl has a place of business at 2099

Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Pearl has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

8.      Defendant Richard C. Holbrooke ("Holbrooke") is a Vice Chairman of Perseus and  is a controlling person of Perseus Capital and Perseus Expansion.  Holbrooke has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Holbrooke has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

9.      Defendant James A. Johnson ("Johnson") is a Vice Chairman of Perseus and  is a controlling person of Perseus Capital and Perseus Expansion.  Johnson has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Johnson has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

10.      Defendant John T. Schwieters ("Schwieters") is a Vice Chairman of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.  Schwieters has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Schwieters has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

11.      Defendant Kenneth M. Socha ("Socha") is a Senior Managing Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.  Socha has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  At all relevant times, Socha was a member of Beacon's Board of Directors.  Socha has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

12.     Defendant Norman C. Selby ("Selby") is a Senior Managing Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion. Selby has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Selby has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

13.     Defendant Ray E. Newton III ("Newton") is a Managing Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.  Newton has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Newton has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

14.     Defendant John C. Fox ("Fox") is a Managing Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.  Fox has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  At all relevant times, Fox was a member of Beacon's Board of Directors.  Fox has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

15.     Defendant Curtis A. Glovier ("Glovier") is a Managing Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.  Glovier has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.  Glovier has a pecuniary interest in transactions by Perseus Capital and Perseus Expansion.

16.     Defendant Thomas G. Labrecque, Jr. ("Labrecque") is a Managing Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion. Labrecque has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900,

Washington, D.C. 20006.  Labrecque has a pecuniary interest in transactions by Perseus

Capital and Perseus Expansion.

       17.     Defendant Christopher J. O'Brien ("O'Brien") is a Managing

Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.

O'Brien has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900,

Washington, D.C. 20006.  O'Brien has a pecuniary interest in transactions by Perseus

Capital and Perseus Expansion.

       18.     Defendant Kimberly A. Foerster ("Foerster") is a Managing

Director of Perseus and is a controlling person of Perseus Capital and Perseus Expansion.

Foerster has a place of business at 2099 Pennsylvania Avenue, NW, Suite 900,

Washington, D.C. 20006.  Foerster has a pecuniary interest in transactions by Perseus

Capital and Perseus Expansion.

## Jurisdiction and Venue

       19.     This action is brought derivatively on behalf of Beacon pursuant to

§16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15

U.S.C. §78p ("§16(b)" or "Section 16(b)"), to obtain disgorgement of profits obtained by

defendants in violation of that statute.  Jurisdiction of this court and venue in this district

are proper pursuant to 15 U.S.C. §78(a)(a).

## The Governing Law

       20.     Section 16(b) of the Exchange Act provides that, if a person, while

beneficially owning more than 10 percent of a class of equity securities of an issuer,

purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

21.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in § 13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits which such group member earned in stock transactions effected within a six-month period.

22.     Defendants Perseus, Perseus Capital, Perseus Expansion, Perseus Investors, Pearl, Holbrooke, Johnson, Schwieters, Socha, Newton, Fox, Selby, Glovier, Labrecque, O'Brien, and Foerster  (collectively, the "Group Members" or "Group") constitute a group under §§ 13(d)(3) and 16(b) of the Exchange Act.  The Group Members garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

23.     Apart from their status as Group Members, each of Pearl, Holbrooke, Johnson, Schwieters, Socha, Newton, Fox, Selby, Glovier, Labrecque, O'Brien, and Foerster was, at all relevant times, a greater than 10% beneficial owner of the common stock of the Company and garnered short-swing profits disgorgeable to the

Company in the transactions hereinafter set forth.  In addition, each of Socha and Fox

was, at all relevant times, a director of the Company and subject to §16(b).

## Background

24.      On April 22, 2005, Beacon entered into an Investment Agreement

with Perseus Capital and Perseus Expansion (the "Investment Agreement").   Pursuant to

the Investment Agreement: (i) Perseus Expansion agreed to purchase 1,666,667 shares of

Beacon common stock; (ii) Perseus Expansion agreed to grant Beacon an option to sell to

Perseus Expansion up to $1,500,000 of additional shares of Beacon common stock at a

price of $0.84 per share (which amount of $1,500,000 of additional shares was subject to

an additional increase of up to $1,500,000 of shares); (iii) Perseus Expansion committed

to invest $1,500,000 in NxtPhase T&D Corporation (NxtPhase), a company controlled by

affiliates of Perseus, which Beacon had agreed to acquire; Perseus Expansion was

granted an option to make its investment in NxtPhase by acquiring additional shares and

warrants of Beacon; (iv) Beacon granted Perseus Expansion a warrant to acquire 800,000

additional shares of Beacon common stock at an exercise price of $1.008 per share; (v)

Perseus Expansion agreed to pay Beacon $1,400,000; and (vi) Perseus Capital agreed to

pay $100,000 to Beacon in exchange for a two year extension (until May 23, 2007) of the

expiration date of an outstanding warrant to acquire 1,333,333 shares of Beacon common

stock at an exercise price of $2.25 per share.  Socha signed the Investment Agreement on

behalf of each of Perseus Capital and Perseus Expansion.

25.      On April 22, 2005, Beacon and NxtPhase entered into an

Arrangement Agreement (the "Arrangement Agreement") pursuant to which Beacon

agreed to acquire all of the outstanding shares of NxtPhase.  Beacon acquired the option to acquire NxtPhase from Perseus 2000, L.L.C., an affiliate of the defendants.  Perseus 2000, L.L.C. was the largest shareholder of NxtPhase.

26.  On April 25, 2005, Beacon filed a Current Report on Form 8-K reporting the Arrangement Agreement.  On May 2, 2005, Perseus Capital and Pearl filed an Amendment No. 3 to Schedule 13D ("Amendment No. 3") reporting the Investment Agreement.  In Amendment No. 3, each of Perseus Capital and Pearl reported beneficial ownership of 9,410,944 shares of Beacon common stock, representing 21.6% of Beacon's outstanding shares.

27.  On May 24, 2005, pursuant to the Investment Agreement, (i) Perseus Expansion acquired 1,666,667 shares of Beacon common stock; (ii) Perseus Expansion acquired a warrant to acquire 800,000 additional shares of Beacon common stock at an exercise price of $1.008 per share; (iii) Perseus Expansion paid Beacon $1,400,000; and (iv) Perseus Capital paid $100,000 to Beacon in exchange for a two year extension (until May 23, 2007) of the expiration date of an outstanding warrant to acquire 1,333,333 shares of Beacon common stock at an exercise price of $2.25 per share.

28.  On June 2, 2005, Perseus Capital, Perseus Expansion and Pearl filed an Amendment No. 4 to Schedule 13D ("Amendment No. 4")  reporting the closing of the transactions under the Investment Agreement on May 24, 2005.  In Amendment No. 4, Perseus Capital reported beneficial ownership of 9,155,684 shares of Beacon common stock, Perseus Expansion reported beneficial ownership of 2,466,667 shares of Beacon common stock, and Pearl reported beneficial ownership of 11,622,351 shares of Beacon common stock, representing 26.6% of Beacon's outstanding shares.  Amendment

No. 4 further discloses that "[t]he members of Perseus Capital and Perseus 2000 Expansion have the right to participate in the receipt of dividends from, or proceeds from the sale of, the shares of common stock held for the account of Perseus Capital and Perseus 2000 Expansion, respectively, in accordance with their membership interests in Perseus Capital and Perseus 2000 Expansion."

29.    On June 13, 2005, pursuant to the Investment Agreement, (i) Perseus Expansion acquired 595,238 shares of Beacon common stock; (ii) Perseus Expansion acquired a warrant to acquire 138,636 additional shares of Beacon common stock at an exercise price of $1.008 per share; and (iii) Perseus Expansion paid Beacon $500,000.  These transactions were first reported by Beacon in a Current Report on Form 8-K filed on June 17, 2005.

30.    On July 21, 2005, pursuant to the Investment Agreement, (i) Perseus Expansion acquired 595,238 shares of Beacon common stock; (ii) Perseus Expansion acquired a warrant to acquire 138,636 additional shares of Beacon common stock at an exercise price of $1.008 per share; and (iii) Perseus Expansion paid Beacon $500,000.  These transactions were first reported by Beacon in a Current Report on Form 8-K filed on July 26, 2005.

31.    On July 26, 2005, pursuant to the Investment Agreement, (i) Perseus Expansion acquired 1,785,714 shares of Beacon common stock; and (ii) Perseus Expansion paid Beacon $1,500,000.  These transactions were first reported by Beacon in a Current Report on Form 8-K filed on July 29, 2005.

32.    On August 24, 2005, Perseus Capital distributed 4,000,000 shares of Beacon common stock to its members.  Perseus Investors, as a member of Perseus

Capital, received 332,549 shares of the 4,000,000 shares in the distribution.  On August 25, 2005, Perseus Investors sold 332,549 shares at price per share of $4.5885.  The distribution by Perseus Capital of 4,000,000 Beacon shares and the sale by Perseus Investors were reported by Perseus Capital, Perseus Expansion and Pearl in an Amendment No. 5 to Schedule 13D ("Amendment No. 5") filed on August 30, 2005.  In Amendment No. 5, Perseus Capital reported beneficial ownership of 5,155,684 shares of Beacon common stock, Perseus Expansion reported beneficial ownership of 5,720,129 shares of Beacon common stock, and Pearl reported beneficial ownership of 10,875,813 shares of Beacon common stock, representing 21.1% of Beacon's outstanding shares.  Amendment No. 5 further discloses that "[t]he members of Perseus Capital and Perseus 2000 Expansion have the right to participate in the receipt of dividends from, or proceeds from the sale of, the shares of common stock held for the account of Perseus Capital and Perseus 2000 Expansion, respectively, in accordance with their membership interests in Perseus Capital and Perseus 2000 Expansion."

33.    From January 1, 2005 through July 31, 2005, the high and low closing prices of Beacon common stock on the Nasdaq SmallCap Market were $1.45 and $0.62, respectively.  From August 1, 2005 through August 31, 2005, the high and low closing prices were $4.74 and $1.66, respectively.  The highest intraday price was $5.35, which occurred on August 24, 2005, the day that Perseus Capital distributed 4,000,000 shares to its members.  On December 7, 2005, the closing price of Beacon common stock was $2.09.  On August 24, 2005 and August 25, 2005, the daily trading volumes for Beacon common stock were in excess of 40 million shares, vastly in excess of  the historical trading volume for the stock.

34.     On September 29, 2005, Beacon filed a preliminary proxy statement with the Securities and Exchange Commission.  The proxy statement was to be issued to Beacon's shareholders in order to obtain shareholder approval of Beacon's acquisition of NxtPhase under the Arrangement Agreement.  In the preliminary proxy statement, Beacon disclosed the following:

> Some of NxtPhase's directors, executive officers and shareholders have agreements or arrangements that provide them with interests in the plan of arrangement that are different from, or in addition to, your interests.
>
> In particular, Perseus, L.L.C. and its affiliates are significant stockholders of both Beacon and NxtPhase, and have representatives on both companies' boards of directors. Entities affiliated with Perseus, L.L.C. own, as of the respective NxtPhase and Beacon record dates, approximately 48% of NxtPhase's outstanding common stock, 52% of NxtPhase's outstanding Class A preferred stock, and         % of Beacon's outstanding common stock. Following the consummation of the plan of arrangement, these Perseus entities will receive approximately 8.9 million shares of Beacon common stock, or approximately 47% of the total Beacon shares expected to be issued in the plan of arrangement to NxtPhase stockholders, not including the Beacon restricted stock units to be issued to NxtPhase employees. Perseus will own approximately         % of Beacon's outstanding common stock after the plan of arrangement is completed.
>
> Based on the one-day volume weighted average price of Beacon common stock on April 22, 2005, the date the arrangement agreement was signed, or $0.8548, the value of the shares to be issued to entities affiliated with Perseus, L.L.C. for its ownership of approximately 48% of NxtPhase's outstanding common stock and 52% of NxtPhase's outstanding Class A preferred stock will be approximately $7.6 million. Based on the closing price of Beacon stock of $3.67 on September 12, 2005, the value of the shares to be issued to entities affiliated with Perseus, L.L.C. for its ownership interest of NxtPhase stock is approximately $32.7 million. According to an independent valuation report of NxtPhase prepared on March 18, 2005 by Evans & Evans, Inc., the fair market value of 100% of the issued and outstanding shares of NxtPhase as of December 31, 2004 is in the range of $7,760,000 to $8,930,000. See "Beacon and NxtPhase Proposal No. 1—The Plan of Arrangement—Opinions of Beacon's

Financial Advisors—Evans & Evans, Inc.—Valuation Report on
NxtPhase T&D Corporation" on page    of this joint proxy statement.

Preliminary Proxy Statement at pages 10-11. (Blank spaces appear in original.)

35.     On November 21, 2005, Perseus Capital distributed 3,502,351 shares of Beacon common stock to its members.  Perseus Investors, as a member of Perseus Capital, received 291,177 shares of the 3,502,351 shares in the distribution.  The distribution by Perseus Capital of 3,502,351 Beacon shares was reported by Perseus Capital, Perseus Expansion and Pearl in an Amendment No. 6 to Schedule 13D ("Amendment No. 6") filed on November 23, 2005.  Amendment No. 6 further reports the unwinding of the Arrangement Agreement and the return to Beacon of 1,190,476 Beacon shares and warrants to purchase an additional 277,272 shares from Perseus Expansion in exchange for preferred stock of NxtPhase that Beacon had purchased pursuant to the Arrangement Agreement.  Amendment No. 6 further discloses that "[t]he members of Perseus Capital and Perseus 2000 Expansion have the right to participate in the receipt of dividends from, or proceeds from the sale of, the shares of Common Stock held for the account of Perseus Capital and Perseus 2000 Expansion, respectively, in accordance with their membership interests in Perseus Capital and Perseus 2000 Expansion."

36.     On November 23, 2005, Beacon issued a press release disclosing that Beacon and NxtPhase had terminated the Arrangement Agreement.  Beacon states the following in its press release:

The arrangement agreement specified that the transaction would automatically terminate if not completed by December 31, 2005. Considering the status of the SEC review process and the limited time

remaining until December 31, as well as the increase in Beacon's stock price since the signing of the agreement, it was determined that the transaction was unlikely to be completed.

37.     On November 28, 2005, Pearl filed a Statement on Form 4 reporting the sale on November 23, 2005 of 145,000 shares of Beacon common stock at a price per share of $1.8275.

### Defendants' Group Activities

38.     The Group Members acted in concert as a group with respect to their collective investment in the Company.  Under prevailing authority, the Group Members constitute a group for purposes of §§ 13(d)(3) and 16(b) under the Exchange Act.  The Group Members used Perseus Capital and Perseus Expansion as their investment vehicle for their investment in the Company; certain Group Members joined in the filing of the Schedule 13D and Amendments Nos. 3 through 6; certain Group Members reported their beneficial ownership on Form 4's reflecting their group status; and certain Group Members were party to the Perseus Capital and Perseus Expansion limited liability company agreements governing their collective investment in the Company.  Through their collective ownership position in the Company, the Perseus Group appointed two directors of the Company and, thereby dominated the activities of the Company and controlled the Company in structuring transactions designed to manipulate the Company's trading price to allow the Perseus Group to reap millions of dollars of short-swing profits**.**

**Speculative Abuse**

39.     The transactions in the instant case present the template for speculative abuse that § 16(b) was designed to prevent.  Here, shareholders who controlled the Board of Directors, caused a public company to agree to acquire a private Canadian company of questionable value that was controlled by the insiders.  Following the announcement of the proposed acquisition, the trading price of Beacon more than tripled, the insiders disposed of millions of Beacon shares, the proposed acquisition could not be completed following an SEC review that raised questions regarding the fairness of the related-party transaction, and the stock price of Beacon fell back to its prior trading price, but only after the insiders had reaped millions of dollars in disgorgeable profits.

40.     This transaction clearly lends itself to the speculative abuse that §16(b) of the Exchange Act was designed to prevent, especially because insiders controlled the transaction.  *See Shattuck Denn Mining Corp. v. La Morte*, 1974 U.S. Dist. LEXIS 9621, *4-5 (S.D.N.Y. 1974).  Therefore, considerable latitude is permitted a plaintiff for purposes of a valuation of shares, and once a plaintiff makes a prima-facie showing of a valuation to maximize profits, the burden shifts to the defendants to prove the extent to which plaintiff's valuation and determination of profits is incorrect.  *Lewis v. Nadaline*, 1974 U.S. Dist. LEXIS 8231, *6 (S.D.N.Y. 1974).

41.     Defendants recognize the likelihood that they have liability under § 16(b).  In response to plaintiff's demand letter to the Company, the Company's counsel, Edwards & Angell LLP, made inquiry of the Perseus Group concerning the allegations in the letter. The defendants did not deny that the Perseus Group made sales of 4 million

shares of Beacon Common Stock.[1]  Instead, the Company's counsel advised that Beacon's board of directors had decided not to pursue the claims asserted herein, accepting the Perseus Group's defense that its transactions were exempt under SEC Rule 16b-3 in that Perseus Expansion and Perseus Capital allegedly acted as "directors by deputization."  No court has ever permitted this defense to insulate insiders from § 16(b) liability which arises from their status as greater than 10% beneficial owners.  Facing the prospect of substantial liability under § 16(b) and then embracing this contrived defense after discovering their potential liability, defendants then went back to "cover their tracks" by amending nine of their previously-filed SEC Forms 3 and 4 to add a footnote that Perseus Expansion and Perseus Capital were "directors by deputization."

## As and For a First Claim For Relief

42.	Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43.	At all relevant times, each of the Group Members was a greater than 10% beneficial owner of the Company's Common Stock.

44.	Under § 16(b), the sale by Perseus Investors on August 25, 2005 of 332,549 shares at a price per share of $4.59 is matchable with Perseus Investors' pecuniary interest (calculated to be approximately 8.31%) in the deemed purchase resulting from the extension of Perseus Capital's warrant for 1,333,333 shares on May 24, 2005 (which pecuniary interest amounts to 110,800 shares).  Under SEC Rule 16b-6(a), the deemed purchase is calculated to be at the market price of the common stock on such date, which was $0.90.  Accordingly, Perseus Investors is liable

---

[1] The demand letter and response letter occurred prior to the second distribution of 3,502,351 shares by Perseus Capital and the subsequent sale by Perseus Group members.

for disgorgeable profits of $408,852 (or 110,800 shares multiplied by the difference

between $4.59 and $0.90), which must be disgorged to the Company as required by

§ 16(b) of the Exchange Act.


## As and For a Second Claim For Relief

45.     Plaintiff repeats and realleges each of the allegations contained in

paragraphs 1 through 44 as if fully set forth herein.

46.     At all relevant times, each of the Group Members was a greater

than 10% beneficial owner of the Company's common stock.

47.     As a result of the Group Members' (other than Perseus Capital and

Perseus Expansion) pecuniary interests in Perseus Capital and Perseus Expansion, each

such Group Member is deemed to have purchased a portion of the shares and warrants

purchased by Perseus Expansion based upon the respective pecuniary interests of such

Group Members.  These purchases consisted of (i) the purchase by Perseus Expansion of

1,666,667 shares and warrants for 800,000 shares on May 24, 2005 for a stated purchase

price of $1,400,000.  Subject to a valuation of the warrants, the per share purchase price

amounted to $0.59; (ii) the purchase by Perseus Expansion of 595,238 shares and

warrants for 138,636 shares on June 13, 2005 for a stated purchase price of $500,000.

Subject to a valuation of the warrants, the per share purchase price amounted to $0.59;

(iii) the purchase by Perseus Expansion of 595,238 shares and warrants for 138,636

shares on July 21, 2005 for a stated purchase price of $500,000. Subject to a valuation of

the warrants, the per share purchase price amounted to $0.59; and (iv) the purchase by

Perseus Expansion of 1,785,714 shares at a price per share of $0.84.  Based upon the

distributions of over 7.5 million Beacon shares by Perseus Capital to its members on August 24, 2005 and November 21, 2005, certain of these Group Members are believed to have received substantial shares of Beacon which they sold, thereby realizing short-swing profits in an undetermined amount which are subject to disgorgement.

48.     In addition, members of the Perseus Group may have made additional purchases and sales of Company common stock which may lead to additional profits as to which plaintiff is now unaware, and must be disgorged to the Company.

**Allegations As To Demand**

49.     On September 8, 2005, plaintiff made demand upon Beacon to commence this lawsuit.  In a letter dated October 28, 2005, the Company declined to pursue the claims asserted herein.

(this portion of the page is intentionally left blank)

**WHEREFORE**, plaintiff demands judgment on behalf of Beacon Power

Corporation against defendants, as described above, plus attorneys' fees, interest and

such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
        December 12, 2005

Yours, etc.

BRAGAR WEXLER EAGEL &
  MORGENSTERN, P.C.


By: /s/ Paul D. Wexler
     Paul D. Wexler (PW-9340)

885 Third Avenue
New York, New York 10022
(212) 308-5858


OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.
250 Park Avenue, Suite 825
New York, New York 10177-0899

Attorneys for Plaintiff